### Henne & Meyer v. Paul Moultrie.

No. 1259.   Decided December 21, 1903.

</div>

**Practice in Trial Court—Practice on Appeal—Rendering Judgment.**

The trial court can not render judgment contrary to the verdict, though the evidence is such as would have warranted a peremptory instruction to find a verdict supporting such judgment; but the Court of Civil Appeals, under the power to render such judgment as the court below should have done, may render such as that court should have directed, that is where the evidence warranted peremptory instruction for plaintiff, it may reverse and render for him, though defendant had a verdict. (Pp. 216-219.)

Questions certified from the Court of Civil Appeals for the Third District, in an appeal from Milam County.

*E. A. Wallace* and *Henderson, Morrison & Freeman,* for appellants.

*N. H. Tracy, James Bass,* and *Moore & Moore,* for appellee.

BROWN, Associate Justice.—This is a certified question from the Court of Civil Appeals for the Third Supreme Judicial District. The statement and questions are as follows:

"Appellants, Henne & Meyer, sued appellee, Paul Moultrie, on a promissory note for $23.45, with interest and collection fees and to foreclose a chattel mortgage included in the same instrument with the note.

"Appellee plead general denial, payment and certain counterclaims, and in reconvention for damages.

"The case originated in the justice court but was appealed to and tried by the county court, and the amount in controversy, by reason of appellee's answer, was sufficient to give this court jurisdiction on appeal.

"Upon trial in the county court the evidence without contradiction showed the execution and delivery of the note. There was no evidence to sustain appellee's counterclaim and plea in reconvention. The only evidence to sustain the plea of payment was that certain sums were paid by appellee to appellants, but the undisputed evidence showed that they were properly applied by appellants to other indebtedness owing by appellee, and that the note and mortgage sued upon were unpaid.

"The trial was before a jury, and we have concluded that under the undisputed evidence in the case, the lower court should have instructed a verdict for plaintiffs for the amount of their note and a foreclosure of their mortgage. The court, however, authorized the jury to consider the question of payment, and the jury returned a general verdict for the defendant.

"Appellants presented a motion in the lower court to enter judgment in their favor on the note and mortgage, non obstante veredicto. This motion was overruled, as was also appellants' motion for a new trial, and judgment was entered for the defendant.

"Appellants have brought the case to this court, and under proper assignments, ask a revision of the action of the lower court in overruling their motion to enter judgment, and also ask that under the undisputed evidence in the case, we set aside the judgment of the county court and render judgment in their favor on the note and mortgage.

"The power of this court to reverse and render in such case seems to be clearly stated in the cases of Houston & T. C. Ry. Co. v. Strycharski, 92 Texas, 1, and Patrick v. Smith, 90 Texas, 267. In the case of Ablowich v. Bank, 95 Texas, 429, however, where the jury found a verdict for the amount of the note sued upon, and the court rendered judgment in addition foreclosing the lien, the judgment was reversed and remanded by the Supreme Court, after having been affirmed by the Court of Civil Appeals, and the court there says: 'It is not a question whether the pleading sufficiently set out the instrument, nor a question as to whether the evidence was sufficient to justify a finding in favor of the lien, for these are beyond dispute, but under the well settled rules of this court, *the trial court has no power to enter judgment upon facts well pleaded and undisputably proved,* unless the issue presented and proved has been found by the verdict in favor of the party for whom judgment is rendered.'

"Article 1027 authorized this court upon reversal to render such judgment as 'the court below should have rendered.'

"In view of the expressions in the case last cited and the line of authorities supporting it, we have doubt as to our power to set aside a judgment based upon a verdict and render judgment in accordance with the undisputed evidence in the record. We therefore, under the foregoing statements of facts, certify the following questions:

"1. Did the county court have the power, under the undisputed evidence in this case, upon the motion of appellants, to enter judgment in their favor on the note and foreclosing their mortgage, notwithstanding the verdict of the jury in favor of defendant?

"2. If that court did not have such power, has this court the power to reverse said judgment and render judgment in favor of appellants upon said note, with foreclosure of said mortgage?"

The first question certified is explicitly decided in the case of Houston & T. C. Ry. Co. v. Strycharski, 92 Texas, 10, where the authorities

are cited to which we respectfully refer the honorable Court of Civil Appeals for answer to this question.

The second question has been decided by this court in each of the following cases: Houston & T. C. Ry. Co. v. Strycharski, before cited; Patrick v. Smith, 90 Texas, 267; Stevens v. Masterson, 90 Texas, 417. In each of the cases cited the conclusion of this court is expressed in the negative form, but necessarily implies the affirmative; that is, the courts of civil appeals, upon reversing judgments of the trial courts, may enter final judgment, when it appears from the evidence in the record that one party, as a matter of law, is entitled to such judgment, the evidence being of such conclusive nature that the trial court, in the performance of its duty, should have directed a judgment in favor of that party.

Upon the facts stated, the trial judge should have directed the jury to return a verdict for the plaintiff, and, upon such verdict, judgment should have been entered in the trial court for the plaintiff; therefore, the Court of Civil Appeals, upon reversing the erroneous verdict and judgment, has authority to enter such judgment as the trial court ought to have entered upon the facts. Rev. Stats., art. 1027.

The language, "the court shall proceed to render such judgment or decree as the court below should have rendered," does not mean that the Court of Civil Appeals is restricted to entering such judgment as the judge of the lower court should have rendered upon the verdict of the jury in case of a jury trial, for that would not change the result, except where the judge had entered a wrong judgment contrary to a proper verdict, or in such cases as might be tried without a jury. "The court," as used in the article above cited, means the body organized to administer justice, and includes judge and jury. Hobart v. Hobart, 45 Iowa, 503. After having set aside an erroneous verdict and judgment the Court of Civil Appeals is empowered by article 1027, Revised Statutes, to enter such judgment, under the conditions named in the article, as should have been rendered by the trial court upon the facts of the case. Article 1335, Revised Statutes, requires the judge of the trial court to enter judgment in conformity with the verdict of the jury. In a proper case the judge may direct the verdict, but he can not disregard a verdict properly returned and give such judgment as the party is entitled to upon the undisputed evidence. The inconsistency arises out of positive legislative enactments which apply to the different courts. They can not be reconciled by construction but must be enforced by the courts.

There is no conflict between the decisions of this court before cited and the case of Ablowich v. Greenville National Bank, 95 Texas, 429. In that case the Court of Civil Appeals did not reverse the judgment of the District Court and render such judgment as the trial court should have entered, but affirmed the judgment of the District Court. The Ablowich case did not involve either of the questions certified, nor did it involve any question decided in either one of the cases cited by

the honorable Court of Civil Appeals. In the case of Ablowich v. Bank the jury found against the mortgage lien, but the District Judge entered judgment for the sum found by the jury and foreclosed the lien, which was not embraced in the verdict. We held that to be error and cited the authorities in that opinion to which we refer. That was the only question involved in the case.