**HOUSTON BELT & TERMINAL RY. CO. v. LYNCH et al. (No. 115-2977.)**

(Commission of Appeals of Texas, Section A. May 19, 1920.)

**1. Appeal and error ⬪1175(2) — Power of appellate court on reversal of judgment on special verdict to render judgment not limited to such as trial judge should have rendered; "the court."**

Though, under Rev. St. 1911, art. 1990, the trial court, in case of a special verdict, must render judgment thereon or set it aside, a Court of Civil Appeals, under the authority given it by article 1626, on reversal of a judgment, to render such judgment as the court below should have rendered, is not limited to such judgment as the trial judge should have rendered on such verdict; "the court," as used therein, meaning the body organized to administer justice, and including judge and jury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Court.]

**2. Appeal and error ⬪1122(2) — Appellate court cannot make a finding on conflicting evidence and render judgment where a special finding was unsupported.**

The authority given by Rev. St. 1911, art. 1626, to a Court of Civil Appeals, on reversal of judgment, to render such judgment as the trial court should have rendered, "except when it is necessary that some matter of fact be ascertained or the damage to be assessed," in either of which cases the cause shall be remanded for new trial, gives it no power where a finding on a special material issue is unsupported by the evidence, but the evidence thereon is conflicting, to make a finding thereon, and modify the judgment accordingly.

**3. Appeal and error ⬪1140(2) — Appellate court can suggest remittitur and modify judgment, though judgment was on special findings contrary to evidence.**

The authority given a Court of Civil Appeals by Rev. St. 1911, art. 1631, when of opinion that the verdict and judgment is excessive, and for that reason only there should be a reversal, to suggest a remittitur, and, on it being filed, to reform and affirm the judgment accordingly, applies where the judgment was on two special findings, and one of them, in the amount found, was not supported by the evidence, but there was evidence to authorize a finding in some amount, and though the assignment of error was that the finding was contrary to the evidence; the substance of the assignment being the excessiveness of the judgment.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by John Lynch and others against the Houston Belt & Terminal Railway Company. Judgment for plaintiff was, on remittitur, modified and affirmed by the Court of Civil Appeals (185 S. W. 362), and defendant brings error. Affirmed.

Andrews, Streetman, Burns & Logue, of Houston, for plaintiff in error.

Presley K. Ewing, of Houston, for defendants in error.

SONFIELD, P. J. Action by John Lynch and others, plaintiffs, against the Houston Belt & Terminal Railway Company, defendant, to recover damages to property caused by the construction by defendant of certain railway tracks and by the operation of a railway thereover.

The cause was submitted to a jury upon two special issues, the first inquiring the market value of the property immediately before the construction and operation complained of, and the second inquiring the market value of the property immediately thereafter.

To the first question the jury answered, "$2,750,"; and to the second "$1,450." Upon these findings the court entered judgment in the sum of $1,300, being the difference between the market value of the property immediately before and immediately after the construction and operation, with interest thereon from the date of the accrual of the cause of action. On appeal the Court of Civil Appeals sustained defendant's first assignment of error, complaining that the answer of the jury to the second question was wholly without support in the evidence, in that the value as fixed by the jury was $50 less than the amount testified to by any witness, and as a prerequisite to an affirmance of the judgment the court required plaintiffs to file a remittitur of $50, together with the amount of the interest thereon. The remittitur having been filed, the judgment of the trial court was affirmed. 185 S. W. 362. Writ of error was granted by the Commission of Judges.

The only assignment in the application for writ of error is, in substance, that the Court of Civil Appeals was without authority to suggest a remittitur, and upon the filing of such remittitur to affirm the judgment that the court should have reversed and remanded the cause for another trial.

It is insisted by defendant that the power of the Court of Civil Appeals to suggest remittiturs, and affirm upon the filing thereof, is limited to cases in which the verdict and judgment are excessive, and does not exist and cannot be exercised for the purpose of reforming answers of juries to special issues; that the effect of the action of the Court of Civil Appeals was to substitute an answer which the jury did not make, but which they might have made, for one which they did make, thus conforming the answer to some, but not the undisputed, testimony in the case, and thereby depriving defendant of its constitutional right to a trial by jury.

[1-3] Where a special verdict is rendered,

it is incumbent upon the trial court either to render judgment thereon or to set the verdict aside. Article 1990, R. S. 1911. This is true even where the special verdict finds upon a material issue contrary to the undisputed evidence (Waller v. Liles, 96 Tex. 21, 70 S. W. 17), or where the evidence is such as would have warranted a peremptory instruction in favor of one against whom verdict was rendered. Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S. W. 607.

In virtue of article 1626, R. S. 1911, Courts of Civil Appeals are not thus limited. Upon the reversal of a cause, those courts are authorized to render such judgment as the court below should have rendered. This does not restrict the Court of Civil Appeals to the entry of such judgment as the judge of the lower court should have rendered upon the verdict of the jury in case of a jury trial. "The court," as used in the above-mentioned article, means the body organized to administer justice, and includes judge and jury. Henne & Meyer v. Moultrie, supra.

It does not follow, however, that this article empowers the court, upon concluding that the finding of the jury upon a material fact or issue is not supported by the evidence, to reform such finding to make it conform to some, but not the undisputed, evidence. The article excepts cases wherein "it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below." There is here recognition of the doctrine as stated in Patrick v. Smith, 90 Tex. 267, 38 S. W. 17:

"It is not the province of the Court of Civil Appeals to determine a question of fact in the first instance. Their jurisdiction is to set aside a finding by the court or jury, when contrary to the evidence or against such a preponderance of the evidence that in their opinion it ought not to stand."

See H. & T. C. Ry. Co. v. Strycharski, 92 Tex. 1, 9, 37 S. W. 415.

The value of the property subsequent to the construction and operation complained of was vital and material, a matter of fact necessary to be ascertained. Evidence on this issue was conflicting. The correct amount could not be ascertained by a simple calculation based upon the undisputed evidence, justifying a reformation of the judgment. The action of the Court of Civil Appeals in suggesting a remittitur, and affirming the judgment upon a filing thereof, must be held unwarranted, unless article 1631, R. S. 1911, is applicable. That article provides:

"In all civil cases, now pending, or that may hereafter be appealed to any Court of Civil Appeals of this state, and such court shall be of the opinion that the verdict and judgment of the trial court is excessive, and for that reason only, said cause should be reversed, then it shall be the duty of such Court of Civil Appeals to indicate to the party in whose favor such judgment was rendered, or his attorneys of record, the amount of the excess of such verdict and judgment; and said court shall, at the same time, indicate to such party, or his attorney, within what time he may file a remittitur of such excess; and, if such remittitur shall be so filed, then the court shall reform and affirm such judgment in accordance therewith, if not filed as indicated, then to be reversed."

There can be no doubt that plaintiff was entitled to recover in some amount, if his property ws damaged through the commission of the acts complained of. This was the only issue in the case. The purpose of the two questions propounded was to arrive at the amount of damage, if any, to which plaintiff was entitled. The answers to these questions formed the basis for the application of the true measure of damages, being the difference between the market values of the property immediately before and after the construction. The less the value after the act complained of, the greater, of course, the amount of recovery. The jury, in effect, returned a verdict for plaintiff in the sum of $1,300, being the difference in values as found. The amount was a mere matter of calculation, based upon the answers to the questions propounded, and following, as of course, under the law. The trial court had no more discretion as to the amount of the judgment to be entered under the verdict than if the only question submitted had been the amount to which plaintiff was entitled and the answer of the jury had specified such amount. In the event of the submission of but one question, if the amount assessed had been deemed excessive, the complaint would have been an excessive verdict and judgment.

It is true that the assignment of error sustained by the Court of Civil Appeals was that the answer to the second question was contrary to the evidence, and there was no assignment complaining of an excessive verdict or judgment as such. But it is likewise true that the substance of the assignment so sustained was the excessiveness of the judgment. An erroneous answer to the second question would have been wholly immaterial and without prejudice to defendant, but for its effect upon the judgment entered, and its only effect upon the judgment was to render it excessive.

Prior to the passage of the remittitur statute, the rule was established in this state that, where the law afforded no criterion by which to determine damages, the damages being uncertain in their nature, and the amount thereof left to the sense of right and justice of the jury, the appellate courts could declare the verdict and judgment excessive, and thereupon reverse and remand the cause

for a new trial. This was the limit of their authority. They could not substitute their own finding as to damages, and thereby effect a reform in the judgment. The remittitur statute was enacted to enlarge the power of these courts, with a view to a final adjudication on appeal where the only error was excessive judgment; and this has been held no infringement upon the constitutional right of trial by jury. T. & N. O. R. R. Co. v. Syfan, 91 Tex. 562, 44 S. W. 1064. The fact that the case was tried on special issues does not remove it from the operation of the remittitur statute, declared to be applicable "in all civil cases" where the verdict and judgment of the trial court is excessive, and for that reason only should be reversed. That which differentiates the verdict of the jury and judgment herein from a judgment rendered upon a general verdict is the fact that herein the basis of the computation of the judgment is manifest, and an error therein easier of detection.

In a case wherein a general verdict is returned, complained of as excessive, the court, in order to determine the question of excessiveness, must first arrive at a conclusion as to what sum would be held reasonable if it had been assessed by the jury. T. & N. O. R. R. Co. v. Syfan, supra. In the present case, the complaint being that the value of the property after construction and operation was less than justified by the evidence, it was necessary for the Court of Civil Appeals to first determine what value would be justified under the evidence, if it had been found by the jury. The court concluded that the jury could have found from the evidence such value to be $1,500. Having assessed it at $1,450, the result was an excess in the judgment in the sum of $50, plus interest. The same method of ascertainment applies in this case as in a case submitted upon a general charge, and the same result is attained. But for its effect upon the judgment, however erroneous the answer to the second question, it would give no ground for interference with the judgment. That which alone gave the Court of Civil Appeals the right in any manner to interfere with the judgment of the trial court was its excessiveness. Through this alone defendant was injured. Of this injury it complained by indirection, assigning error to the finding rather than to its necessary effect—excessive judgment. Looking to substance rather than form, the action of the court in this case was no more a substitution of its own finding for that of the jury than in the case of excessive judgment under a general verdict. The court granted defendant the relief, and the only relief, to which it was entitled, and it is in no position to complain of the action of the court in the premises.

Whether the Court of Civil Appeals cor-

rectly held the answer of the jury to the second question contrary to the evidence, because less in amount than testified to by any witness, is not before us, and we are not to be understood as passing upon the same. We hold simply that, under the particular facts of this case, the remittitur statute was applicable.

We are of opinion that the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.