## JONES et al. v. CASUALTY RECIPROCAL EXCHANGE. (No. 3046.)*

(Court of Civil Appeals of Texas. Texarkana. April 21, 1925. Rehearing Denied June 25, 1925.)

1. **Appeal and error** ⬅➡**1199—Judgment of Court of Civil Appeals, rendering judgment that court below should have rendered, is final judgment.**

A judgment rendered by Court of Civil Appeals, in accordance with Rev. St. art. 1626, empowering it to render judgment which court below should have rendered, is a final judgment, over which trial court has no control.

2. **Courts** ⬅➡**481—Corrections in judgment should be made by court that rendered it.**

Corrections, if any, in a judgment, should be made by court that rendered it, and one court has no authority to correct judgment of another court except on appeal.

3. **Appeal and error** ⬅➡**1185—Mistake, if any, in judgment of Court of Civil Appeals in awarding compensation claimant lesser amount than warranted by evidence, held not correctable after adjournment of term.**

Mistake, if any, made by Court of Civil Appeals in rendering a final judgment for compensation claimant, in that such judgment awarded lesser amount than warranted by evidence, is a judicial mistake, which cannot be corrected after adjournment of Court of Appeals.

On Motion for Rehearing.

4. **Master and servant** ⬅➡**419—Application to change award because of mistake or fraud, filed after final decision, must be first passed on by Industrial Accident Board.**

An application to revoke or change a compensation award, because of changed condition or mistake or fraud, filed after final decision of Court of Civil Appeals, presents an original question which must first be passed on by Industrial Accident Board, and courts can take jurisdiction of such controversy only after board has acted in manner pointed out by Workmen's Compensation Act, pt. 2, § 5 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246–44).

5. **Master and servant** ⬅➡**419—Compensation claimant held not entitled to correction of judgment by Court of Civil Appeals, awarding lesser amount than facts warranted.**

Conceding that courts may assume jurisdiction of application to change compensation award without previous action by Industrial Accident Board, *held* that claimant is not entitled under Workmen's Compensation Act, § 12d (Vernon's Ann. Civ. St. Supp. 1918, art. 5246–25), to correction of error of law committed by Court of Civil Appeals in rendering final judgment for claimant for lesser amount than facts warranted, where no motion for rehearing made, as remedy was by motion for rehearing and appeal to Supreme Court.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Motion by Mildred Jones and another to correct judgment rendered by Court of Civil Appeals in favor of Mildred Jones and another, as compensation claimants, against the Casualty Reciprocal Exchange. From a judgment denying relief, movants appeal. Affirmed.

See, also, 250 S. W. 1073.

Webb & Webb and Geo. L. Hamilton, all of Sherman, for appellants.

Seay, Seay, Malone & Lipscomb, of Dallas, and Freeman, McReynolds & Hay, of Sherman, for appellee.

HODGES, J. This appeal is from the refusal of the trial court to amend and correct a judgment heretofore rendered by this court. The facts show that Jim Jones, the husband of Mildred Jones and the father of Bernice Jones, appellants, was killed in 1921, while in the service of the Denison Crystal Ice Company. At that time the ice company was a subscriber under the Employers' Liability Act and carried a policy of insurance with the Casualty Reciprocal Exchange, a private corporation engaged in issuing such contracts. Upon the death of Jones, a claim was presented by appellants to the Industrial Accident Board, and the following award was made:

"On this 5th day of April, A. D. 1921, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board the claim for compensation made and asserted herein by Mrs. Mildred Jones, surviving widow, and Bernice Jones, surviving minor daughter, of James Jones, deceased, against the Casualty Reciprocal Exchange; and it appearing that the questions involved herein have not been settled by agreement of the parties, as provided by law, the board finds as follows:

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused November 18, 1925.

(1) That on January 20, 1921, the Denison Crystal Ice Company was a subscriber to the Employers' Liability Act, and on that date carried a policy of insurance with the Casualty Reciprocal Exchange. (2) That on said 20th day of January, 1921, James Jones was in the employ of the Denison Crystal Ice Company and as such employee was covered by said policy of insurance. (3) That on said date, and while engaged in the course of his employment, the said James Jones sustained injuries which resulted in death in the manner set out in report of accident, claim for compensation, and other evidence now of record in this cause. (4) That the average weekly wages of the said James Jones, deceased, made the predicate of compensation herein, is the sum of $17.30, and his surviving legal beneficiaries are therefore entitled to compensation at the maximum rate of $10.38 per week.

"The board further finds that the said James Jones, deceased, left as his sole and exclusive surviving legal beneficiaries, who are and were dependent upon him, his surviving widow, Mrs. Mildred Jones, and Bernice Jones, surviving minor daughter, who are entitled to recover compensation herein, and the said Mrs. Mildred Jones and Bernice Jones are therefore entitled to recover and be paid compensation at the rate of $10.38 per week for the definite period of 360 weeks, beginning on January 20, 1921, and continuing thereafter from week to week as the same accrues until the full period has fully expired.

"The board further finds that the said beneficiaries of James Jones, deceased, have been represented in the presentation to and prosecution of their claims for compensation by George L. Hamilton, an attorney at law residing at Sherman, Tex., and that his services rendered in that connection have been of the reasonable value of 15 per cent. of the first $1,000 and 10 per cent. of all amounts in excess of said first $1,000 paid on this award, to be paid out of weekly installments of compensation from week to week as the same accrue.

"It is therefore ordered, adjudged and decreed by the Industrial Accident Board that the Casualty Reciprocal Exchange pay to Mrs. Mildred Jones and Bernice Jones compensation at the rate of $10.38 per week for the period of 360 weeks, beginning on January 20, 1921, and continuing thereafter from week to week as the same accrue.

"It is further ordered, adjudged, and decreed by the board that when this award has been paid and satisfied in accordance with its terms and provisions the Casualty Reciprocal Exchange will be fully and finally acquitted and discharged from liability on account of this claim for compensation."

The Casualty Reciprocal Exchange declined to accept and pay the award, and, within the time allowed by law, filed its petition in the district court of the Fifteenth judicial district in Grayson county for a review of the case. Upon a trial in that court, a judgment was rendered in favor of the Casualty Reciprocal Exchange, denying the right of the claimants to any sum, upon the ground that Jones was not in the actual performance of any service for the ice company at the time he was killed.

An appeal was prosecuted by the claimants to this court, which resulted in a reversal of that judgment and the rendition of a judgment in favor of the claimants. The following is a copy of the decree of the Court of Civil Appeals:

"This cause came on to be heard on the transcript of the record, and, the same being inspected, the court is of the opinion that there was error in the judgment of the court below, in that it set aside and denied a recovery of the award granted by the Industrial Accident Board to the appellants Mildred Jones and Bernice Jones against the appellee, Casualty Reciprocal Exchange, and that same should be reversed, and that judgment should be here rendered sustaining in all things the award of the Industrial Accident Board in favor of the appellants Mildred Jones and Bernice Jones against the Casualty Reciprocal Exchange of Kansas City, Mo., and that the Casualty Reciprocal Exchange of Missouri be denied the relief sued for.

"It is therefore ordered, adjudged, and decreed by the court that the judgment of the court below be, and the same is, reversed, and that judgment is here rendered sustaining in all things the award of the Industrial Accident Board in favor of the appellants Mildred Jones and minor child, Bernice Jones, in all the terms of the award against the appellee, Casualty Reciprocal Exchange of Kansas City, Mo., and denying in all things the relief sued for by the appellee, Casualty Reciprocal Exchange of Kansas City, Mo., and that the appellants recover of and from the appellee all costs in this behalf expended both in this court and the court below, for all of which execution may issue.

"It is further ordered by the court that the officers of this court and the court below recover from the appellants Mildred Jones and Bernice Jones all cost incurred by said appellants on this appeal, for all of which execution may issue, and this decision be certified below for observance."

An application to the Supreme Court for a writ of error was later denied, and the judgment of this court became final. A mandate was issued, and the Casualty Reciprocal Exchange began to comply with the terms of the judgment, making the weekly payments therein provided for.

In July, 1923, Mildred Jones and her daughter filed in the district court of the Fifteenth judicial district of Grayson county a motion to correct that judgment. It was alleged that at the time of his death Jones was earning a weekly wage of $21.08, 60 per cent. of which amounted to $12.64; that there was an error in the award of the Industrial Accident Board and in the judgment of the Court of Civil Appeals in fixing the weekly payments to be made at $10.38 instead of $12.64. It was also alleged that the evidence upon which the amount of the award was based consisted of the testimony of one witness, who stated that the average amount earned by Jones for the month preceding his death amounted to approximately $91. It was further alleged that, since the rendition of the final

judgment, conditions have arisen which made it to the advantage of the claimants that the award should be paid in a lump sum. The prayer is:

"That upon hearing hereof this court enter its order correcting said judgment, allowing a recovery of $12.64 per week for 360 weeks, and that one-third thereof be paid to George L. Hamilton, attorney herein, and that the whole be paid in a lump sum."

[1, 2] Upon a hearing, the court below found the facts to be substantially as alleged—that there was an error in the amount awarded by the Industrial Accident Board and by this court—but held that the district court had no authority to make the correction.

Article 1626 of the Revised Civil Statutes provides:

"When the judgment or decree of the court below shall be reversed, the Court [of Civil Appeals] shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below."

A judgment rendered in accordance with that article is a final judgment by the Court of Civil Appeals, over which the trial court has no control. The corrections, if any, should be made by the court that rendered the judgment, and not by one whose duty it is to execute or obey the judgment. One court has no authority to correct the judgment of another court except on appeal. Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S. W. 607.

[3] We are further of the opinion that under the record as here presented the correction sought goes to the merits of the controversy and undertakes to amend a judicial decision. Mildred Jones and her daughter had pleaded that the deceased was earning a weekly sum of money which entitled them to an award of $15.20 per week. That averment was denied by the Casualty Reciprocal Exchange, and it is not here claimed that the averment was supported by the evidence. The contention now is that the undisputed evidence showed that Jones was earning a weekly wage of $21.05, and that the claimants were therefore entitled to $12.64 per week. Assuming that to be true, is the failure of the court to enter a judgment in conformity with the evidence a mere clerical error which may be corrected after the adjournment of the term? We are of the opinion that it is not. M. P. Ry. Co. v. Haynes, 82 Tex. 448, 18 S. W. 605. Such an error might have been corrected on appeal, but the correction would have been upon the ground that the evidence warranted a different finding of fact, and not because of any mistake in the entry of the judgment.

The mistake, if any, was a judicial mistake, which cannot be corrected after the adjournment of the term of the court at which the judgment was rendered. The record shows that on the former appeal the trial court found as a fact that 60 per cent. of Jones' wages amounted to $10.38.

The judgment of the trial court will therefore be affirmed.

### On Motion for Rehearing.

[4] Counsel for appellants call attention to the following statute, section 12d of the amended act, which appears as article 5246—25 of Vernon's Ann. Civ. St. Supp. 1918:

"Upon its own motion or upon the application of any person interested showing a change of conditions, mistake, or fraud, the board at any time within the compensation period may review any award or order, ending, diminishing or increasing compensation previously awarded within the maximum and minimum provided in this act, or change or revoke its previous order sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be only upon notice to the parties interested."

It is insisted that under the provisions of the foregoing statute any court into which a controversy of this character is carried by appeal may exercise the power of review here conferred upon the Industrial Accident Board. But we doubt the correctness of that proposition. By its terms the section of the law quoted applies only to the Industrial Accident Board. Section 5, pt. 2 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), provides:

"That all questions arising under this act, if not settled by agreement of the parties interested therein and within the terms and provisions of this act, shall, except as otherwise provided, be determined by the board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction," etc.

It is thus made plain that the courts can acquire jurisdiction to determine controversies arising under this act only in the manner pointed out and after the board has first passed upon the question to be decided. The authority to review for "change of condition, mistakes or fraud" can be exercised only after an award has been made by the board, and for the purpose of "ending, diminishing or increasing" the compensation previously given. An application to revoke or change an award because of a changed condition or mistake or fraud, filed after a final decision, presents an original question arising under the Workman's Com-

pensation Act, and one which must first be passed upon by the board. The determination of an issue of that character involves an inquiry into additional facts not necessarily contained in the original proceedings or record. The courts can take jurisdiction of such a controversy only after the board has acted, and in the manner pointed out in section 5, pt. 2, above referred to.

[5] But, conceding that the courts may proceed without previous action by the board on that particular question, Does the record before us show a situation in which the power invoked should have been exercised by the district court from which this appeal was prosecuted? It is admitted that no fraud was perpetrated in procuring the original award, and it is not shown that any such "change of conditions" has occurred since the final disposition of the case as to call for an award different from that originally made. The only ground relied upon for reopening and reviewing the award is that a mistake occurred. The "mistake" relied on is not one of fact made by the parties in presenting their application for an award, but an error of law on the part of the court in rendering its judgment upon the facts presented. Section 12d was not intended to furnish a second trial of the same issues, or to enable the court to correct errors of law occurring in the original proceeding. If the judgment of this court in the former controversy was incorrect, attention should have been called to that fact in the motion for a rehearing; and, if the error pointed out was not then corrected, an appeal would lie to the Supreme Court. It is now too late to have that question again reviewed.

However, we are of the opinion that the judgment of the trial court should be affirmed upon the ground that original authority to review awards for change of conditions, mistakes, or fraud must first be exercised by the Industrial Accident Board.

The judgment will therefore be affirmed.