## INDEMNITY INS. CO. OF NORTH AMERICA v. SPARRA et al.
### No. 1010.

Court of Civil Appeals of Texas. Eastland.
March 3, 1933.

For majority opinion, see 57 S.W.(2d) 892.

FUNDERBURK, Justice..

Upon the question dealt with in the court's opinion on rehearing, the writer has been unable to reach a conclusion in accord with my associates. We all agree that the record reflects a material error. The question is not whether the error is or is not a fundamental error, but is whether, under the provisions of R. S. 1925, article 2185, the error has been waived. I concur in the view that an error complained of relating to the action of the court in giving or refusing a general or special charge or instruction will be waived unless objected to, as provided in said article 2185. It has been held that article 2185 applies to special issues the same as charges, or instructions. Elec., Etc., Co. v. Ablon, 110 Tex. 235, 218 S. W. 1030, 1034. It is immaterial that such error be a fundamental error. In other words, in presenting complaint of such error to the appellate court, it is immaterial whether it is one required to be assigned, or one the court is required ordinarily to consider as a fundamental error without assignment. In either case the error, as such, is waived.

Appellant makes its contention in this case, not by an assignment of error, but as a proposition presenting fundamental error. The complaint is, however, that the court erred in giving the special issue, and as such it must be overruled, regardless of whether it required assignment or not, because, under the statute, there being no objection thereto, it was waived.

Such contention, however, suggests another and different error; namely, that the judgment does not conform to the pleading. R. S. 1925, art. 2211, requires that a judgment conform to the pleadings. It also requires, with certain exceptions immaterial here, that the judgment conform to the verdict, if any. These two requirements have the effect of making a third requirement; namely, that the verdict conform to the pleadings.

The failure of a judgment to conform to the pleadings is certainly a very conspicuous example of a fundamental error. Holloway Seed Co. v. City Nat. Bank, 92 Tex. 187, 47 S. W. 95, 516. A fundamental error is not required to be presented by an assignment of error. Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844. It is the duty of the Court of Civil Appeals to consider a fundamental error the same as any other error. Fuqua v. Pabst Brewing Co., 90 Tex. 298, 38 S. W. 29, 750, 35 L. R. A. 241; Holloway Seed Co. v. Bank, supra.

The question at issue should therefore be determined just the same as if the appellant was urging an assignment of error to the effect that the court erred in rendering the judgment in question, in that such judgment included recovery, as shown by the verdict of the jury, of some amount not authorized by the pleadings; namely, a reasonable amount of attorney's fees for representing the appellee before the Industrial Accident Board. Parenthetically, it may be stated that such a claim could not lawfully have been made in the pleadings. The situation is no different, I think, than if the verdict on its face included a gambling debt, or something else for which any pleading could state no right of recovery.

The real question then is: Conceding that, by failure to make objection, appellant waived its right to urge as error the act of the court in submitting the special issue authorizing the jury to include such attorney's fees, does such waiver include a waiver of the right to complain of the judgment on the ground that, contrary to the express provision of the law, it does not conform to the pleadings? Is the right waived to challenge the judgment, in that it clearly and certainly includes some amount not only not claimed in the pleadings, but which could not lawfully have been so claimed?

This court, very soon after the writer became a member, passed upon this very question in Sivalls Motor Company v. Chastain (Tex. Civ. App.) 5 S.W.(2d) 185, and determined it contrary to the present decision. We adhered to that view in Largent v. Etheridge (Tex. Civ. App.) 13 S.W.(2d) 974, 978, from which the majority opinion quotes. In addition to the portion so quoted, we said: "In Sivalls Motor Co. v. Chastain, supra, a judgment was sought to be reversed because of the erroneous submission of a special issue. No bill of exception had been taken. We were compelled to hold that we could not disturb the judgment on that ground because, under mandate of the statute (R. S. art. 2185), the error was waived. But it happened in that case that the very objection made to the giving of the special issue was that there was no pleading to support it. We held that, although we could not consider the error of the court in submitting the special issue, being the error assigned and relied on for a reversal, yet it was our duty to take notice of the fundamental error in basing a judgment on a verdict not supported by the pleadings."

In this case we suggested a distinction, as respects the question now under consideration, between special issues and charges, or

instructions of the court accompanying same. While in Elec., Etc., Co. v. Ablon, supra, the Supreme Court reached the conclusion that said article 2185 requiring objections to charges applied also to special issues, it was made clear, I think, in the short concurring opinion of Judge Phillips, that there is a distinction between "charges" and "issues," as suggested in Largent v. Etheridge. The effect of the decision was that, in submitting special issues, they were to be regarded as charges, and subject to the provision that any right to complain thereof would be waived unless objected to, but that special issues, when answered, become the verdict of the jury, manifestly something very different from charges and instructions, and a waiver of the right to complain of "charges" is no waiver of the right to complain of "verdicts." Judge Phillips said: "Treating the special issues framed by the court as 'the charge' of the court within the intendment of amended Article 1971 [that is, present Art. 2185], as I think they should be, the challenge in such a case is only of the *verdict*, and merely as a *verdict* without sufficient support in the proof. It is not a challenge of *'the charge.'*" (Italics ours.)

The challenge referred to was the challenge of the sufficiency of the evidence to support the verdict. A special issue, even if before it is answered, must be regarded as the charge of the court or a part thereof, to which article 2185 has been held applicable, becomes, when answered, the verdict of the jury which, as has already been said, must, perforce of other provisions, conform to the pleadings. The fact that appellant failed to object to the submission of the special issue did not constitute a waiver, I think, even of the right to challenge the verdict as not being responsive to the pleadings, but at any rate certainly it constituted no waiver of the other error consisting of the failure of the judgment to conform to the pleadings; such error so appearing from the record as to require our consideration without an assignment of error.

Let us consider for a moment the effect of a contrary holding. If the failure of a party to object to the giving of a special issue waives any right to complain that the judgment is not supported by the pleadings, then the plaintiff may, for instance, declare in his pleading upon one cause of action and be precluded from complaining of a judgment upon another and different cause of action. He may plead a cause of action for rescission of a contract, and if he fails to object to the submission of issues upon a cause of action for damages for fraud he will be precluded from complaining of a judgment conforming to the verdict but awarding recovery upon a cause of action, not only different from that alleged, but wholly inconsistent therewith.

I do not believe it a reasonable construction of said article 2185 that the waiver therein provided for extends so far. On questions of res judicata the pleadings rather than the judgment must be looked to in order to determine such questions. If the law be as my associates have concluded, the pleadings would be rendered wholly valueless for such a purpose, as it could easily be immaterial what the issues tendered by the pleadings were. No such construction of the statute is necessary. Literal effect may be given to the provision, as said before, without holding that the waiver therein provided for shall extend to protect from challenge a judgment based upon an entirely different cause of action or including an entirely different item of recovery than that claimed in the pleading. Such being the case, I think it should be construed to mean what it plainly says. No implication of such far-reaching and upsetting consequence should be read into it.

For these reasons, in my opinion, the motion for rehearing should be granted, and the judgment of the trial court reversed, unless within a specified time appellee should file a remittitur of the item of attorney's fees except a reasonable attorney's fee for services in the suit maturing the award; the amount to be suggested by the court, under the authority of Houston Belt & Terminal R. Co. v. Lynch (Tex. Com. App.) 221 S. W. 959, and Southland Life Ins. Co. v. Norton (Tex. Com. App.) 5 S.W.(2d) 767.