George **VANDER WEG**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6885.

Court of Civil Appeals of Texas.

Beaumont.

March 16, 1967.

Rehearing Denied April 5, 1967.

M. H. Oldham, Beaumont, for appellant.

W. G. Walley, Jr., Beaumont, for appellee.

PARKER, Justice.

This is a condemnation suit brought by the State of Texas against George Vander Weg who owned 1.3287 acres west of and next to State Highway 347. The tract was irregular in shape, described as:

Beginning on the south boundary line of Avenue B at its intersection with State Highway 347;

Thence south with west boundary of the highway 336.7 feet;

Thence west 200 feet;

Thence north 231 feet;

Thence east 60 feet;

Thence north 105 feet to south boundary line of Avenue B;

Thence east 155 feet to place of beginning.

The suit involved a taking, for highway purposes, of .3092 of an acre of Vander Weg's land and the market value thereof, and damages to the remainder of his tract. The taking was of highway frontage for 336.7 feet to a depth of 40 feet.

Trial was to a jury which found:

"SPECIAL ISSUE NO. 1

"From a preponderance of the evidence, what do you find was the market value of the strip of land, together with the improvements thereon, condemned by the State for highway purposes at the time it was condemned on April 3, 1962, considered as severed land?

"Answer in dollars and cents."

To which the jury answered: "$5,500.00."

"SPECIAL ISSUE NO. 2

"From a preponderance of the evidence, what do you find was the market value of the Defendants' tract of land, together with the improvements thereon, exclusive of the strip of land condemned, immediately before the strip was taken for highway purposes?

"Answer in dollars and cents."

To which the Jury answered: "$29,000.00."

"SPECIAL ISSUE NO. 3

"Excluding increase in value, if any, and decrease in value, if any, by reason of benefits or injuries received by defendants in common with the community generally and not peculiar to them and connected with their ownership, use, and enjoyment of the particular tract of land across which the strip of land has been condemned, and taking into consideration the uses to which the strip condemned is to be subjected, what do you find from a preponderance of the evidence was the market value of the remainder of defendants' tract of land immediately after the

taking of the strip condemned for highway purposes?

"Answer in dollars and cents."

To which the Jury answered: "$22,000.00."

Plaintiff filed its motion to disregard the findings of the jury in answer to special issues 2 and 3 and enter judgment upon the answer to special issue No. 1. This motion was based upon the allegation that there was "no support in the evidence, and there being no competent evidence in the record to support such findings" in answer to special issues 2 and 3. This motion was sustained. The court entered judgment upon the jury finding in response to special issue No. 1 only with the plaintiff, the State of Texas, recovering from the defendant George Vander Weg title to and possession of, for highway purposes, .3092 acres of land, being a strip 40.1 feet x 336.7 feet with the defendant recovering the sum of $5,500 by reason of the condemnation of such strip; but it appearing that the said defendant had withdrawn the amount of $7,250 deposited by the plaintiff with the clerk of the county court at law of Jefferson County on the 3rd day of April, 1962, being the sum awarded by the special commissioners appointed by the judge of the county court of Jefferson County at law for the market value of the land taken and damages to the remainder, the judgment then provided that the plaintiff, the State of Texas, do have and recover of and from the defendant $1,750 with interest thereon from date until paid. This sum of $1,750 represented the difference between the award of the special commissioners of $7,250 and $5,500 damages for the taking of the .3092 acres. Costs were also adjudged against Vander Weg.

In the original petition of the State of Texas v. George Vander Weg the State sought to condemn a strip of land along Highway 347 to a depth of 40 feet "together with any and all abuttors' rights of defendants and rights of defendants of direct access from the land and premises above described, * * *" except access was to be furnished to an abutting frontage road—not the highway. The special commissioners on August 31, 1961 awarded $4,392 as the value of the land taken and $2,858 as the damages to the remaining land owned by the defendants. Having appealed to the county court at law of Jefferson County, on February 12, 1963, plaintiff filed its first amended original petition to condemn the same .3092 of an acre strip but omitted its allegation to deny access to Highway 347 contained in its original petition. Such an amendment is authorized. Texas Power & Light Co. v. Cole, 158 Tex. 495, 313 S.W.2d 524 (1958).

George Vander Weg, the appellant, has three points of error:

1. The court erred in disregarding special issues Numbers 2 and 3, pertaining to damage to the remainder of appellant's land.

2. The court erred in entering judgment only on the jury's finding to special issue Number 1, instead of ordering a new trial.

3. The court erred in entering a money judgment against appellant, when the amount shown by the findings of the jury exceeded those found by the special commissioners.

The third point of error is without merit and is overruled.

The first and second points of error will now be considered.

The burden was on the landowner to establish his damages to the remainder of the land after the taking of the strip. In answer to special issues 2 and 3 the jury found such damages to be $7,000. L. B. Nicholson was a witness. He operated a building supply business and was a building contractor in Nederland. He was a member of the Board of Directors of Nederland State Bank and former director of other banks. His duties with these banks required the making of appraisals. He had

been in the business of building, buying and selling houses and building supplies and in the real estate business in this area for 19 years. He testified he was familiar with the specific tract of land under consideration and property values in the area. He testified the entire tract of land in his opinion had a value of $33,600 plus the value of a house located on the remainder worth $8,000, the entire tract with improvements having a value of $41,600. He testified the house and improvements were located on the remainder. After the taking, the front of the house was 2 or 3 feet from the property line of the State. This house had a front yard of 3 feet after the taking, whereas it had a front yard of 43 feet before the taking. Nicholson was of the opinion that after the taking the house was only worth $4,000. In the opinion of Nicholson the value of the part taken by the State was $16,800. In his opinion the value of the remaining tract together with the improvements, before taking, was $24,800.

The garage was a part of the south end of the house. With only 3 feet from the door of the garage to the State property line a car could not be parked in front of the house on the driveway without the major portion of the car being upon the 40 feet strip taken by the State. Utility pole had been moved to some 3 feet from the house.

D. X. Rienstra, also a banker and real estate man, testified he was familiar with real estate values in Nederland; that he was chairman of the Board of the Nederland State Bank, had to and did know values in making loans; that he had been familiar with and dealing with land values in the area for 35 years and had bought and sold property in the area for that period of time, and was familiar with the tract in question. In his opinion the entire tract before taking was of the value of $33,600 based upon a frontage value on Highway 347 of $100 per front foot, which he would apportion prior to the taking at $45 per front foot as to the tract 40 feet deep to be taken and $55 per front foot as to the tract remaining, thus he placed a value of $15,180 for the part taken and the value upon the remainder before taking of $18,420.

Generally, witnesses referred to the tract as being 336 feet on Highway 347 by 200 feet on Avenue B. From exhibits and the evidence of the witness Avant, it is clear that it was not a rectangle for there was a tract out of the northwest corner of said 200 x 336 feet rectangle not owned by condemnee.

The witnesses for the State, Avant and Terry, were qualified. Their opinion as to values and damages were in conflict with the evidence above. Below is a tabulation summarizing the opinion as to values and damages by all witnesses.

| | Entire Tract | Part Taken Fronting Hwy. | Remainder Before | Remainder After |
|---|---|---|---|---|
| State's Witnesses | | | | |
| Avant | $20,000 | $3,734 | $16,266 | $18,800 |
| Terry | 21,748 | 4,281 | 17,467 | 17,467 |
| Owner's Witnesses | | | | |
| Nicholson | 41,600 | 16,800 | 24,800 | 5,750 * |
| Rienstra | 33,600 | 15,180 | 18,420 | 6,325 |

* This value on erroneous theory and ignored by this court. The jury found the market value of the tract taken to be $5,500.

As stated in Roberts v. State, 350 S.W.2d 388, on page 391 (Tex.Civ.App.1961, no writ):

"* * * It has been held in Maddox v. Gulf, Colorado & Santa Fe Ry. Co., Tex.Civ.App., 293 S.W.2d 499, (err. ref. n. r. e.) that in a condemnation case of this kind the jury, when considering the value of condemnee's remaining property immediately after condemnation, are restricted only by the lowest figure testified to. See Houston Belt & Term. Ry. Co. v. Lynch, Tex.Civ.App., 185 S.W. 362, affirmed Tex.Com.App., 221 S.W. 959. Also, in McConnico v. Texas Power & Light Co., Tex.Civ.App., 335 S.W.2d 397, (err. ref. n. r. e.) the court held that a jury is at liberty to reach its conclusion by blending all of the evidence admitted before them, aided by their own experience and knowledge of the subject of inquiry; that they are not compelled to credit all the testimony of any witness or to reject it all. Moreover, our courts have held that opinion evidence is not conclusive. A jury may consider and accept or reject such opinions or it may find its own opinion from evidence and by utilizing its own experience in matters of common knowledge. McCarthy v. City of Amarillo, Tex.Civ.App., 307 S.W.2d 595 (err. ref. n. r. e.); Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943 and Nelson v. State, Tex.Civ.App., 342 S.W.2d 644."

Also see Adams v. Houston Light & Power Co., 158 Tex. 551, 314 S.W.2d 826 (1958), and Houston Belt & Term. Ry. Co. v. Lynch, Tex.Com.App., 221 S.W. 959.

■ Appellant Vander Weg's points of error 1 and 2 are sustained, except the trial court should not have ordered a new trial under this record.

■ Appellee, State of Texas, has three counterpoints. The first counterpoint is as follows:

"The Court properly disregarded the answers of the jury in response to special issues Numbers 2 and 3, upon motion by plaintiff and rendering the judgment rendered by the Court on special issue No. 1 and the record."

Viewing the evidence most favorable to Vander Weg, as we are required to do, there is evidence supporting ths submission and respective answers to special issues 2 and 3.

Appellee's second counterpoint is as follows:

"In the event this honorable Court should determine that there was evidence in the record sufficient to warrant the submission of special issues No. 2 and No. 3, and to preclude the trial court from disregarding the jury's findings on the same, then, as a matter of law such evidence is wholly insufficient to support such findings and this cause should be remanded to the trial court."

Examining, considering and weighing the entire record and all the evidence in the case, we conclude that the verdict of the jury in answer to such special issues is not so against the great weight and preponderance of the evidence as to be manifestly unjust and appellee's second counterpoint is overruled.

■ Appellee's third counterpoint is as follows:

"The Court erred in failing and refusing to give the jury the following special instruction to the jury:

'MEMBERS OF THE JURY: You are instructed that in this case the plaintiff, the State of Texas, by its pleadings, does not seek to condemn the right of access owned by the defendant. George Vander Weg, Jr. to U. S. Highway 347 prior to the taking, and there-

fore said defendant has and retains a right of access to such highway after the taking of the parcel of land taken for highway purposes in this proceeding.' "

Upon request by appellee, duly, properly and timely made in writing, that such instruction be given by the court in response to written inquiry being made by the jury as follows:

"Does a person have the right to cross the easement owned by the state, county or city, or must a person be given permission by the state, county or city to cross this property?' "

In a suit of this nature the jury needs instruction as to the applicable law, which the court alone can give. The trial court should have given such instruction. Examining the findings of fact by the jury in answer to special issues, it is apparent the jury was not misled by the failure of the trial court to give the instruction requested by appellee and such error is harmless error.

The judgment of the trial court is affirmed in part and reversed and rendered in part to the end that judgment is here rendered that plaintiff, the State of Texas, do have and recover of and from George Vander Weg the title to and possession of, for highway purposes, the .3092 acres of land and George Vander Weg is entitled to have and recover the sum of $5,500 by reason of the condemnation of such tract of land and is also entitled to recover the further sum of $7,000 from the State of Texas by reason of damages to the remainder, but from such total sum of $12,500 the State of Texas shall be credited with the amount of $7,250 deposited with the clerk of the trial court on the 3rd day of April, 1962, and withdrawn by George Vander Weg so that George Vander Weg is entitled to recover from appellee, the State of Texas, the difference of $5,250.