**LO–VACA GATHERING COMPANY,**
Appellant,

v.

**Earl CALLAHAN et al., Appellees.**

No. 11276.

Court of Civil Appeals of Texas.

Austin.

March 10, 1965.

Rehearing Denied March 31, 1965.

W. T. Blackburn, Corpus Christi, Ross Meredith, Elgin, for appellant.

Maynard & McMurrey, Bastrop, for appellees.

ARCHER, Chief Justice.

This is a condemnation case for a pipeline easement across a 350-acre tract of grazing and pecan land in Bastrop County. Regular condemnation proceedings were held and appellees filed objections to the award of the Special Commissioners. Trial

was before a jury. Plaintiff's motion to disregard the answers to the special issues was sustained in part and overruled in part. Judgment was entered and appellant's motion for new trial was overruled. This appeal is only from those parts of the judgment that are based on the jury's answers to Special Issues Nos. 2 through 6, which relate to the decrease in value to appellees' property caused by the pipeline.

The appeal is predicated on twenty-seven points, and may be separated into four divisions. The first division is directed to the error of the court in overruling appellant's motion to disregard the jury's answer to Special Issues Nos. 2 and 3, because there was no evidence to support the jury's verdict.

Special Issue No. 2 inquired as to the reasonable market value of 3.87 acres of land covered by the easement immediately prior to the taking, and the jury answered $1548.00.

Special Issue No. 3 inquired as to the value of the 3.87 acres immediately after the taking of the easement, and the jury answered $774.00.

E. Charles Lewis, qualifying as an expert land appraiser, testified that he was employed by the appellant to make an appraisal of the lands involved in this case and identified many photographs of the land and became familiar with value of property around the Callahan land, and fixed the value of the 3.87 acre tract at $980.00 before the easement was taken and $490.00 after the pipeline was placed on the same; that the market value of the 350 acres outside the easement would have been $51,500 prior to the taking, and the same value after the taking.

Earl Callahan testified that the value of bottom, pecan land, was $1000.00 per acre, and between $100.00 and $150.00 per acre for the upland, and that the value of the entire tract was $250.00 per acre; that the pecan land was worth $350.00 to $500.00 per acre after the location of the pipeline,

and that the upland, after the location of the pipeline was worth from $50.00 to $75.00 per acre.

Charles D. Alexander gave testimony as to the reasonable market value of the land as being substantially that given by Earl Callahan.

■ The jury could believe the witnesses Callahan and Alexander as to value, as these witnesses were familiar with the value of the lands and could express their opinions. The jury was not required to accept the appraisement values of the land as given by Mr. Lewis, but could give such evidence consideration in arriving at its answers. Panhandle Eastern Pipe Line Co. v. Jackson, Tex.Civ.App., 306 S.W.2d 145, n. w. h. City of Houston v. Ready, Tex.Civ.App., 370 S.W.2d 210, n. w. h. City of Houston v. Hendrix, Tex.Civ.App., 374 S.W.2d 764, er. ref., n. r. e.

The second division consisting of Points Nos. 6, 7, 8, 9, 10 and 11 are directed to the error of the court in failing to grant appellant a new trial because the jury's answer to Special Issues Nos. 2 and 3 were not supported by sufficient evidence, and was so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust.

Since we have concluded that the jury could believe the testimony given by the land owner and of Mr. Alexander its verdict finds support in the record, and we may observe that the statement of facts contains 492 pages of testimony and many exhibits indicating that the case was fully developed. Mr. Callahan had been County Commissioner for over ten years, and as such, purchased the right of way for the State for highway and road purposes, and was therefore familiar with land values and easements.

We believe that appellant had a fair trial in this case.

The jury was made up of people from all walks of life and they deliberated for one

hour and forty-five minutes before they reached a verdict, in which there were only six issues.

Appellant was represented by capable counsel, one of whom was a local lawyer, and the prospective jurors were examined by such counsel and asked whether or not they could render a fair and impartial verdict, and under oath stated that they could.

The third division is concerned with 9 Points and are that the court erred in overruling plaintiff's motion to disregard the jury's answer to Issues Nos. 4, 5 and 6, inquiring if the Callahan property outside the 40 feet permanent pipeline easement was decreased in value and the jury answered that it was, and in answer to Issue No. 5 the jury found that the reasonable market value of the 350 acre tract exclusive of the 3.87 acres, before the taking was $77,879.25, and in reply to Issue No. 6 found the value to be, after the taking, $74,417.95.

Point No. 15 is that the court erred in rendering judgment for $3,461.30 for the damages to the remainder of defendants' property; Point Nos. 16 and 17 are that there was no evidence of probative force to support the jury's answers to Special Issues Nos. 4 and 5; Point No. 19 is that the court erred in failing to grant a new trial because there was no evidence of probative force to support the jury's finding in response to Special Issue No. 6, and finally, the court erred in failing to grant a new trial because the jury's answers to Issues Nos. 5 and 6 were of such amounts as to constitute a finding of damages to the remainder of defendants' property outside the permanent pipeline easement that was grossly excessive.

There was no dispute by the witnesses as to the 3.87 acres as the amount of bottom land or upland. The tract as a whole was valued by Mr. Lewis at $980.00 before the easement was taken and at $490.00 afterwards.

Mr. Lewis testified that the 346 acre tract was not diminished in value by the taking of the 3.87 acre easement. Mr. Callahan gave a value on the 346 acres as a tract at $250.00 per acre and that it was worth from $50.00 to $75.00 less after the taking of the easement and the jury found the damage to be approximately $10.00 per acre or $3,641.-30. This valuation by the jury was doubtless based on the testimony of Mr. Callahan who later testified that the land had decreased in value by the location of the pipeline between $10.00 and $15.00 an acre. The jury accepted the lowest value fixed by Mr. Callahan as the damages.

■ Since neither Mr. Callahan nor any other witness testified to the number of acres in the 3.87 acre tract subjected to a permanent easement which were bottom land and the number of acres which were upland, the value of each kind of land being different, there is no evidence to support the jury findings to Issues 1 and 2 unless the aerial map in evidence is sufficient for this purpose.

We have examined such map and are unable to determine from it how, in acreage, the tract subjected to a permanent easement is divided between upland and bottom land.

Appellant's witness testified that this 3.87 tract had a value of $980.00 before the taking and $490.00 after the taking, a difference of $490.00 as opposed to the jury finding of a difference in before and after values of $774.00.

■ The record being in this condition, we must reverse and remand this case unless appellees will file a remittitur in the sum of $284.00, being the difference between the jury finding and appellant's testimony as to the lessened value of the 3.87 tract.

If such remittitur is filed within ten days from this date, the judgment of the trial court will be affirmed.

Affirmed on Condition.

Appellees having filed a remittitur herein in the sum of $284.00, as conditioned in our opinion of March 10, 1965, the judgment of the Trial Court is to such extent reformed and as reformed is affirmed.

The costs are taxed two-thirds against appellant and one-third against appellees.

Remittitur filed. Reformed and as reformed, affirmed.