**CITY OF HOUSTON, Appellant,**

v.

**Joseph L. RABORN et ux., Appellees.**

**No. 4549.**

Court of Civil Appeals of Texas.

Waco.

Nov. 23, 1966.

Rehearing Denied Dec. 15, 1966.

Wm. A. Olson, City Atty., Joseph G. Rollins, Sr., Asst. City Atty., Houston, for appellant.

Lloyd Lunsford, South Houston, for appellees.

## OPINION

TIREY, Justice.

This is a condemnation suit. It involves the taking of all of Lot 15, in Block 8 of the Airport Gardens Addition to the City of Houston, such land being contiguous to the Houston International Airport. The property consists of 23,030 square feet of land upon which was a wooden frame structure built for residential purposes, consisting of approximately 1,857 square feet.

The purpose of the acquisition was for a clear zone required in the extension of the Northwest-Southeast runway of the airport.

The Special Commissioners made an award to Raborn of $13,556, and the City of Houston deposited such amount into the

registry of the court and took possession of the property pending final judgment. The Raborns appealed and, at the conclusion of the testimony, the court submitted one issue which was: "From a preponderance of the evidence, what do you find was the market value on or about April 10, 1961, of the defendants' 23,030 square feet of land together with all improvements thereon, condemned by the City of Houston for airport purposes?" To which the jury answered "23,000." The judgment followed the verdict and awarded to the Raborns the sum of $23,000, but provided that the city should have an offset of the $13,556 awarded to the Raborns by the Commissioners' Court, which sum had been withdrawn by the Raborns under orders of the court, and decreed accordingly.

The judgment is assailed on three points. They are substantially to the effect that the court erred in rendering judgment on the verdict because:

(1) The verdict and the judgment entered thereon are each excessive;

(2) The verdict and judgment are not supported by the evidence;

(3) The verdict and judgment are contrary to the overwhelming weight and preponderance of the evidence so as to make the verdict and the judgment clearly wrong and unjust.

We overrule each of the foregoing points for reasons hereinafter stated.

Pertinent to this discussion, five witnesses testified as to the market value. Mr. and Mrs. Raborn and Mr. Harold J. Sonsel, an appraiser, testified in behalf of the Raborns. Three appraisers testified for the city, viz.: Osenbaugh, Douglas and Reed. Each of the foregoing witnesses separated their opinions as to the aggregate market value into two parts, viz.: land value and the value of the improvements.

Mr. Raborn testified to the effect that the value of the land was $6,000 and the improvements $18,500, a total value of $24,500. Mrs. Raborn's testimony was to the same effect.

Mr. Sonsel fixed the value of the land at $12,666 and the value of the improvements at $10,446, making a total value of $23,112.

Mr. Osenbaugh fixed the land value at $1500 and the improvements at $11,700—total $13,200.

The witness Douglas fixed the land value at $1500, improvements at $10,500—total $12,000.

Mr. Reed fixed the land value at $1500 and the improvements at $12,122—total value $13,622.

Appellant in its brief says: "It can be seen, therefore, that a crucial question is to determine the weight of Mr. Sonsel's opinion of the market value, since the jury obviously adopted it." We are not in accord with this view and we do not think it accurately states the rule that is followed in Texas. As we understand the appellant's brief and its counsel's oral argument, it is to the effect that the values which we have heretofore detailed show that the jury followed the values placed on the property by the witness Sonsel in making its award. We cannot agree with this contention.

In Hood v. Texas Indemnity Insurance Co., 146 Tex. 522, 209 S.W.2d 345, our Supreme Court expressly held that "Opinion testimony does not establish any material fact as a matter of law." In this cause each of the witnesses placed a different value on the improvements, although the City's witnesses placed the same value ($1500.00) on the lot. However, the jury in arriving at its verdict, did not have to adopt all the testimony of either of the witnesses. It could adopt the testimony of each of the witnesses in part and reject it in part. The jury had the duty of resolving the testimony and in agreeing on a verdict as to the value of the property, taking into consideration the value of the land, together with all improvements thereon.

**482**

Since appellant complains that the verdict of the jury is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust, we have given our best efforts to a careful consideration of all the testimony tendered by the parties.

The testimony in this record is in two volumes, consisting of a total of 437 pages. The testimony of each of the expert witnesses showed that each of them were well trained and well qualified to do appraisal work, and it was the province of the jury to resolve their testimony, as well as the testimony of Mr. Raborn, and fix the reasonable market value of the property. In the City of Houston v. Schorr, 279 S.W.2d 957 (Tex.Civ.App.1955, error ref., n. r. e.) we find this statement:

"All opinions of values depend for their acceptance probably more upon the faith the witness inspires rather than upon how well the reason he supports his conclusions. But be this as it may, the evidence was competent and if the values were not supported by good reasoning, they went to the weight and not the competence of the evidence. We must, therefore, hold that there was evidence to sustain the award."

In Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62 (1945) our Supreme Court made the following pronouncement:

"Jurors in weighing the evidence before them have a right to use their common knowledge and experience in life. If the opinions of experts as given in the evidence do not comport with the jurors' ideas of sound logic, the jurors have a right to say so."

In appellant's brief we find this statement: "Appellant frankly concedes that in this field of weight and sufficiency of the evidence in eminent domain cases, there are numerous cases that could be used to justify either a reversal and remand, remittitur, or affirmance." Much has been written on the weight and sufficiency of the evidence in these condemnation cases, and we know of no way to reconcile or distinguish them, and the best that the Court of Civil Appeals can do is apply the rule stated in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. See also 38 Tex. Law Rev. 361. In doing so, that requires a careful consideration of all the testimony. This we have done, and we cannot say, as a matter of law, that the jury's verdict is so against the great weight and preponderance of the evidence as to be wrong.

Accordingly, the judgment of the trial court is affirmed.