**CITY OF SAN ANTONIO, Appellant,**

**v.**

**Otto L. MICHALEC et al., Appellees.**

**No. 14597.**

Court of Civil Appeals of Texas.

San Antonio.

July 26, 1967.

Rehearing Denied Sept. 13, 1967.

Raymond W. Weber, Jackson C. Hubbard, San Antonio, for appellant.

Pat Maloney, San Antonio, for appellees.

KLINGEMAN, Justice.

This is a condemnation suit brought by the City of San Antonio, appellant herein, to condemn a portion of appellees' land for public street purposes. The parties stipulated as to the right to condemn and that all statutory prerequisites had been complied with, leaving only the issues concerning the value of the property. The court's charge in definition of market value and form of issues given followed State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979 (1936), with three special issues submitted. In response to Special Issue No. 1, the jury found that the market value of the land taken was $750.00. In answer to Special Issue No. 2, the jury found the market value of defendants' remaining land, exclusive of the land taken, immediately before the taking for street purposes was $18,250.00. In answer to Special Issue No. 3, the jury found the market value of the remaining land, exclusive of the land taken, immediately after the taking was $16,000.00. Judgment was entered by the trial court that appellees recover the sum of $3,000.00 in accordance with the jury's verdict.

No complaint is made in this appeal as to the jury's answer to Special Issue No. 1.

Appellant's first point of error is that the court erred in failing to grant appel-

lant's motion to strike the value opinion testimony of appellees' witness Joe Lucchese in its entirety on the grounds that such testimony was not based on market value, but rather something in excess of market value which the witness identified as "market value plus unique features." Appellant's second point of error is that the court erred in denying and failing to grant appellant's motion to strike the value opinion of witness Lucchese insofar as such testimony reflected an opinion of damages to the remainder of appellees' land, on the grounds that same was a mere conclusion and failed to translate or demonstrate the nature of the damage, the effect upon various portions of the tract and the relationship of same to market value, but rather, when he undertook to make such an analysis, demonstrated enhancement rather than damage to the market value of the remainder.

Appellees' tract of land involved is situated in the Woodlawn Hills Subdivision of San Antonio, and is a tract substantially rectangular in shape, 125 feet wide and approximately 580 feet deep. Such property fronts on Hillcrest Drive, and the house and garage are on the front or west portion of the property. There is a retaining wall behind and east of the house, which is approximately 70 feet west of the proposed street. The new street bisects appellees' property, taking 0.242 acres thereof, severing the remainder into two parts, one east and the other west of the new street.

Joe Lucchese testified that he had been in the real estate business in San Antonio for almost fifty years and had made appraisals for various banks, the Housing Authority, the School Board, and the City of San Antonio, and had testified as to values on many occasions, both for the condemnor and the condemnee; that he had inspected appellees' property on three different occasions and also had made an investigation in this area for comparative sales.

■ Appellant's first point of error is based upon the contention that Lucchese's testimony as to value was not based on market value, but "market value plus unique features." From an examination of his entire testimony, we do not so construe Lucchese's testimony. He gave a substantially correct definition of market value, and his testimony stressed that appellees' property had an unusual depth and contains many trees and unusual features, and in the area where the property is located there is a group of people who desire just this type of lot because of its adaptability for family use—picnic area, playground for children, etc.

His testimony that it had a unique value is properly construed that such uniqueness enhanced its market value, and was one of the elements he was taking into consideration in his determination of market value. On cross-examination, when asked by appellant, "Are you going so far as to tell us it does not represent market value?" he answered: "No, it represents the market value in its own property—in that particular type of property."

■ In determining the value of property condemned, there should be taken into account all considerations that might fairly be brought forward and reasonably be given substantial weight in negotiations between the owner and prospective purchaser, so, in arriving at the before and after value, it is proper to take into consideration all those things pertaining to the land that a seller or purchaser would consider in arriving at the market value. 29A C.J.S. Eminent Domain § 159. Our Supreme Court, in State v. Carpenter, supra, quoted from Lewis on Eminent Domain, as follows: "The market value of property includes its value for any use to which it may be put. If, for reason of its surroundings, or its natural advantages, or its artificial improvements, or its intrinsic character, it is peculiarly adapted to some particular use, all the circumstances which make up this adaptability may be shown, and the fact of such adaptation may be taken into consideration in estimating the compensation."

We find no error of the trial court in refusing to strike all of witness Lucchese's testimony, and appellant's point of error No. 1 is overruled. Nor do we find any merit in appellant's point of error No. 2.

Lucchese, on direct examination, testified that the value of the entire property before the taking was $19,500.00, that the value of the land taken was $750.00, and that by reason of the dissecting the property had suffered severance damages of $5,750.00. Lucchese, on cross-examination, when asked to break down his valuations, placed a value, after the taking, of $8,500.00 on the front part, from the existing street to the retaining wall; a value of $2,500.00 for that portion of the property between the retaining wall and the new street; and a value of $2,750.00 for that portion east of the new street, or a total value of the remainder, after the taking, over and above the land taken, of $13,750.00. His value of the entire property before the taking was $19,500.00. He testified that in this particular section of town the type of lot owned by appellees had a particular value as a whole to a certain class of buyers, because of its adaptability for raising a family, and that all of these matters were taken into consideration by him. Appellant's motion to strike went more to the weight of Lucchese's testimony than to its admissibility, and the court did not err in refusing to strike such testimony.

Appellant's points of error Nos. 3, 4, 5, 6 and 7, will be discussed together. Appellant, under its third and fourth points of error contends there is no evidence to support the jury's answer to Special Issue No. 3, and no evidence to support any answer to Special Issue No. 3 in an amount less than its answer to Special Issue No. 2. Appellant's point of error No. 5 is that there is insufficient evidence to support the jury's answer to Special Issue No. 3, and that such answer is against the great weight and preponderance of the evidence. Point of error No. 6 is that the difference in the value of the remainder, before and after the taking and the judgment based thereon, is grossly excessive by the amount of $2,250.00, and that a remittitur in such amount should be ordered by this Court. Appellant's last point of error is that the case should be reversed and remanded for a new trial because of the cumulative effect of the errors complained of in points of error Nos. 1 through 6, which amounted to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause the rendition of an improper and excessive verdict and judgment based thereon.

In addition to Joe Lucchese, whose testimony has already been set out in some detail, two other value witnesses testified; namely, Richard M. Peacock and E. A. Kramer. Both witnesses had extensive experience in the real estate business and in making appraisals, and both had made a personal inspection of appellees' property, and had made an investigation into comparative sales in this area. Below is a tabulation summarizing the opinion as to values and damages of all witnesses:

TABLE OF VALUES

|  | Entire Tract | Part Taken | Remainder Before | Remainder After |
|---|---|---|---|---|
| Lucchese | $19,500.00 | $750.00 | $18,750.00 * | $13,750.00 |
| Peacock | 11,500.00 | 640.00 | 10,610.00 | 14,500.00 |
| Kramer | 20,650.00 | 540.00 | 20,110.00 | 21,610.00 |
| Jury's Answers__ |  | 750.00 | 18,250.00 | 16,000.00 |

* This value is based upon a summary of Lucchese's entire testimony.

As can be noted from the above table, the values found by the jury are within the range of values testified to by the value witnesses. If the jury accepted the before taking value of Kramer, $20,110.00, and the after taking value of Peacock, $14,500.00, there would be severance damages of $5,610.00, which is very close to the amount of severance damages testified to by Lucchese, and considerably in excess of the damages found by the jury.

This Court in a condemnation case, Coastal Transmission Corp. v. Lennox, 331 S.W.2d 778 (1960, no writ), stated: "It is well settled that the jury is not bound by the testimony of any witness. They may accept all, part, or none of the testimony of a witness. They may accept part of the testimony of one witness and part of another, or they may draw their own deductions from all the evidence in the case." In another condemnation case, City of Houston v. Raborn, 409 S.W.2d 480, (Tex. Civ.App.—Waco 1966, writ ref'd n. r. e.), the Court held that "the jury in arriving at its verdict, did not have to adopt all the testimony of either of the witnesses. It could adopt the testimony of each of the witnesses in part and reject it in part."

■ Jurors are at liberty to reach their conclusion by blending all of the evidence before them, aided by their own experience and knowledge on the subject of inquiry. They are not compelled to credit all of the testimony of any witness or to reject all of it. McConnico v. Texas Power & Light Co., 335 S.W.2d 397, (Tex.Civ.App.—Beaumont 1960, writ ref'd n. r. e.). See also, Vander Weg v. State, 413 S.W.2d 118 (Tex. Civ.App.—Beaumont 1967); Cocke v. State, 391 S.W.2d 553 (Tex.Civ.App.—Austin 1965, no writ).

■ From an examination of all the testimony, we feel that the jury's verdict and the judgment based thereon are sufficiently supported by the evidence, and all of appellant's points of error are overruled.

The judgment is affirmed.