The CITY OF HOUSTON, Appellant,

v.

J. L. McFADDEN, Appellee.

No. 19.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 1, 1967.

Rehearing Denied Nov. 22, 1967.

---

Wm. A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor, Joseph G. Rollins, Senior Asst. City Atty., Houston, for appellant.

Bryan, Suhr, Bering & Bailey, William G. Fox, Joseph S. Horrigan, Houston, for appellee.

BARRON, Justice.

This is a suit for damages. J. L. McFadden sued the City of Houston for damages alleged to have been caused by the continual flying of jet airplanes over his home property located in South Houston Gardens. McFadden's property consists of a tract of 4⅔ acres of land on which he has erected a one-story frame house having a dimension of 22 feet by 38 feet, with three bedrooms, a living room, a breakfast room and a kitchen. Adjoining the home is a metal barn and building and three kennels. The home is near and east-southeast of the Houston International Airport, owned and operated by the City of Houston. It is alleged and shown that private and commercial airplanes fly near the air spacing over plaintiff's home. In 1960, the City extended the runway or landing strip in an easterly direction so as to make possible the landing and taking off of jet propelled aircraft, which required a much longer runway or landing strip. It was shown that the planes fly low over plaintiff's home when taking off and landing and that this occurs at frequent intervals during the day and night. The planes are large and heavy. Most of them are four-motored planes which create loud noises and intense vibrations. At night the lights on the planes illuminate plaintiff's home and yard with a blinding glare. The plaintiff and his neighbors testified as to physical damage to their properties, in the form of vibrations; broken windows; cracks in the walls; and jet fuel spraying the homes, necessitating repainting. The intensity of the noise due to overflights was recorded by Reese Brinsal, an accoustical engineer, at up to 109 decibels. His testimony shows that it would be practically impossible to communicate during that sound level background. The record shows that large planes fly as low as 80 feet from the top of plaintiff's home, and that this occurs for extended periods at intervals of approximately fifteen minutes.

Plaintiff purchased his property in 1954. At that time there were no jet planes flying over. Prior to the year 1960, propeller driven airplanes were used which took off and landed on comparatively short runways and landing strips, and which were able to turn and adequately clear plaintiff's home. The new runway and landing strip was completed about June 2, 1960. While the jet planes were few in the beginning, the number soon increased, until nearly all of the commercial airline operators now use them. They land and take off from Houston International Airport. Plaintiff alleges that his property has depreciated in the sum of $16,000.00 by reason of the frequent use of the jet planes over his property.

Trial was to a jury, which found that the property had decreased in value, due to the above, from $26,000.00 to $13,500.00 since 1960. The trial court rendered judgment for plaintiff for $12,500.00 with interest at 6% per annum from June 2, 1960. Defendant, City of Houston, excepted and has properly perfected its appeal to this Court.

■ This type of action has been recognized and approved as a "taking" of property, in the constitutional sense, in the nature of an air easement for which compensation must be made. See Griggs v. Allegheny County, Pa., 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (U.S.Sup., 1962).

The parties will be referred to as in the trial court, McFadden as Plaintiff and City of Houston as Defendant.

Defendant, City of Houston, contends under points of error one, two and three, that the testimony of Harry P. Weiss, plaintiff's value witness, amounts to no evidence or that the evidence was insufficient and was against the great weight of the testimony. It contends that his testimony was inadequate to support the verdict of the jury and that the case should be reversed. Each party used one value witness. Weiss testified for the plaintiff and George L. Reed testified for the defendant. Weiss testified that he was a real estate broker and appraiser and was trained at the University of Houston in real estate appraisal. He has been in such business since 1950 and is a licensed real estate broker. He is a member of Brokers Institute, National Association of Real Estate Brokers, Texas Real Estate Association and Houston Board of Realtors. He is self-employed. In February, 1962, he was employed to appraise the property of Mr. McFadden. His experience in the Houston area has been rather extensive since 1950. He testified that the fair market value of the property in question prior to the time of the jet airplanes started flying over it was $31,810.00, and that the land without improvements was in excess of $5,000.00 per acre. He further testified that since the jet traffic and overflights began in 1960, on the basis of approximately forty to fifty jets a day, the land had depreciated to $2,500.00 per acre and that the property as a whole would be depreciated by 50%. The appraisal was made in February, 1962. In June of 1962, he was taken ill for about two years, and his records were disposed of. While the witness could not, on cross-examination, give specific facts as to how he arrived at the figure, it was clear that he was acquainted with appraisal methods and had used a reasonable formula to determine a fair market value of the property. He had, at the time of appraisal, used a series of other comparable properties with which to compare values, though details were not given.

The testimony of defense witness George L. Reed was entirely different. He qualified properly as an expert witness, as a realtor and as an appraiser, and by an extended series of comparable values to which he testified, he fixed the value of plaintiff's property with improvements at $20,621.00 on June 2, 1960. He stated that the improvements were valued at $7,370.00 and the land was valued at $13,251.00 on the basis of a fair market value. He further testified that the jet air traffic did not affect the value at all, but on the contrary the comparative sales showed an increase in value. When asked whether he would like to live in such a place, his answer was, "no," but he pointed out what he thought were advantages. Mr. Reed admitted on cross-examination that the Federal Housing Administration had withdrawn insurance on loans involving property that was within the 100 decibel area and that the McFadden property was within that area. He stated that the highest and best use of the property is not residential but industrial use.

■ The sufficiency of this type of evidence to support the verdict of a jury has been passed upon many times by our courts under similar circumstances. While there has been much criticism of the weight which the courts give to expert testimony of this kind, the established rule is that when a witness gives evidence that he is acquainted with market value, he is prima facie qualified to testify concerning the value of property as an expert. His testimony is admissible as such and has pro-

bative value. It then becomes a question of the weight that may be given it by the jury. City of Houston v. Schorr, 231 S.W. 2d 740, 742 (Tex.Civ.App.), writ dism., and cases cited.

■ The jury was not required to accept all of the testimony of any one witness. Here the testimony ranged from $31,810.00 to $20,621.00 on value, and from $15,905.00 to zero as to diminished value. The jury was given a wide range for its findings. The jury could adopt the testimony of each witness in part and reject it in part. The jury had the duty of resolving the testimony and agreeing on a verdict as to the value of the property and the disminished value caused by the noise and vibration, if any. Opinion testimony does not establish any material fact as a matter of law. Hood v. Texas Indem. Ins. Co., 146 Tex. 522, 209 S.W.2d 345. Authority almost directly in point is City of Houston v. Raborn, 409 S.W.2d 480 (Tex.Civ.App.) writ ref., n. r. e., which adopts a statement from City of Houston v. Schorr, 279 S.W.2d 957 (Tex.Civ.App.), writ ref., n. r. e. (a subsequent appeal of that case) as follows:

> "All opinions of values depend for their acceptance probably more upon the faith the witness inspires rather than upon how well with reason he supports his conclusions. But be this as it may, the evidence was competent and if the values were not supported by good reasoning, they went to the weight and not the competence of the evidence. We must, therefore, hold that there was evidence to sustain the award."

See also Maryland Cas. Co. Hearks, 144 Tex. 317, 190 S.W.2d 62; Fort Worth & D. C.R. Co. v. Hapgood, 210 S.W. 969 (Tex. Civ.App.), no writ; State v. Scarborough, 383 S.W.2d 839 (Tex.Civ.App.), writ ref., n. r. e.; 2 McCormick and Ray, Texas Law of Evidence, p. 256 et seq., Sec. 1422.

■ It is contended, however, that a mere conclusion as to market value is in-sufficient, and that one seeking damages must show the nature of the damage and the relationship thereof to market value. The case of Tennessee Gas & Transmission Co. v. Zirjacks, 244 S.W.2d 837 (Tex.Civ. App.), writ dism., is a good example of the rule where a bare statement of market value is made with no proof showing the nature and extent of the damages. The distinction applicable here is fully and ably discussed in State v. Scarborough, supra, which recognizes the rule that one claiming damages to land must show the nature of the damage and the relationship of the same to market value. A mere conclusion as to market value is insufficient for such purpose. But, this refers to the party claiming damage, not his value witness. There is ample evidence in this case of damage to the McFadden property as a result of the jet overflights. It is not necessary to look to Weiss' testimony to find this evidence of damage. Plaintiff and his neighbors testified fully to the noise, lights, physical damage to the property, and intense vibrations caused by the low-flying jet aircraft. Here there was sufficient, specific testimony tending to show why a decline in market value would take place. Zirjacks and similar cases are not in point. See Natural Gas Pipeline Co. of America v. Towler, 396 S.W.2d 917 (Tex.Civ.App.), no writ. It is not for this court to discredit Mr. Weiss' testimony because he failed to give detailed reasons for his conclusions as fully as those given by Mr. Reed, defendant's witness. The jury was the sole judge of the credibility of the witnesses and the weight to be given their testimony. We overrule defendant's first, second and third points of error.

■ Defendant, by its fourth point of error, contends that reversible error was committed by the trial court in refusing to grant a new trial to the City of Houston as a result of a reference by Mr. Weiss to plaintiff's plans for possible subdivision of his property. The statement of Mr. Weiss was objected to by defendant's counsel. The objection was sustained by the trial court

and the jury was promptly instructed to disregard it. While the trial court by his instruction cured any possible error, we hold that such error was harmless in any event. Rule 434, Texas Rules of Civil Procedure.

■ By defendant's fifth point of error, it is contended that the trial court committed reversible error in failing to grant a mistrial after plaintiff's counsel asked Mr. McFadden whether he had had trouble with his hearing prior to the time the jet overflights began, to which plaintiff replied, "no." Defendant's counsel objected, the court dismissed the jury and motion for mistrial was made on the grounds that deafness of the plaintiff was outside the pleadings and that such testimony tended to inflame the jury to the prejudice of the City of Houston. Defendant's counsel requested that the jury be instructed not to consider the question and answer. The trial court promptly complied, ordered the question and answer stricken from the record and instructed the jury not to consider it for any purpose. The court acted properly, and the error, if any, was cured. In any event, the incident was harmless. Walker v. Texas Emp. Ins. Ass'n., 155 Tex. 617, 291 S.W. 2d 298 (Tex.Sup.1956).

■ Error is claimed by reason of the court's failure to instruct plaintiff's counsel to desist from continued attempts to get the contents of a United States Government Information Manual before the jury through questions directed on deposition to Joseph A. Foster, Director of Aviation for the City of Houston, concerning acceptable noise standards in residential areas. Mr. Foster was an adverse witness so far as plaintiff was concerned and had previously qualified as an expert on airport affairs. He was an attorney, had represented the City before federal agencies in Washington, and he had worked closely with the Federal Aviation Agency. We believe he was qualified to testify from personal knowledge as to any guidelines set up by the government for acceptable noise levels in areas surrounding airports. The trial court, however, sustained each objection made to the testimony by the City. Defendant's value witness, Mr. Reed, later testified that the F.H.A. considered areas subjected to a noise level of 100 decibels to be unacceptable for residential use. No objection was made by defendant's counsel to the latter question. Any error in admitting testimony is rendered harmless if other evidence of the same facts is admitted without objection. Olan Mills, Inc. v. Prince, 336 S.W.2d 186, 188 (Tex.Civ.App.), no writ. Moreover, we do not think there is any reversible error in the trial court's action, nor do we agree that the cumulative effect of points 4, 5 and 6 amounted to reversible error. Rule 434, T.R.C.P.

The judgment of the trial court is affirmed.