**WEST TEXAS UTILITIES COMPANY,**
Appellant,

v.

**J. E. KITTLEY et ux., Appellees.**

No. 4342.

Court of Civil Appeals of Texas.

Eastland.

Oct. 31, 1969.

Rehearing Denied Nov. 28, 1969.

Les Cochran and George Leonard, Jr., Wagstaff, Alvis, Alvis, Cochran & Leonard, Abilene, Ratliff & Ratliff, Haskell, for appellant.

Scarborough, Black, Tarpley & Scarborough, J. R. Black, Jr., Abilene, Royce Adkins, Dist. Atty., Haskell, for appellees.

COLLINGS, Justice.

This is an eminent domain proceeding. The West Texas Utilities Company sought an easement for the construction, maintenance, and repair of an H-Frame transmission line across land owned by J. E. Kittley and wife situated in Haskell County. The right of the Utility Company to

condemn the easement in question and all jurisdictional prerequisites to maintaining the suit were stipulated. The sole issues in the trial were the value of the easement acquired and the amount of damage to the remaining land of the Kittleys. The case was submitted upon six special issues, and the jury in answer to such issues found, in substance, as follows:

(1) That the market value of the 8.2 acre easement in question immediately before the easement was acquired by the plaintiff was $2,378.00; (2) that the market value of the 8.2 acre easement tract immediately after such easement was acquired was $594.50; (3) that the defendants' remaining lands, exclusive of said 8.2 acre easement, was reduced in market value; (4) that 448 acres was the amount of defendants' remaining land, exclusive of the 8.2 acre easement tract, which was damaged and reduced in market value; (5) that the market value of the remaining land found to be damaged, immediately before plaintiff's acquisition of the easement, was $129,930.00; (6) that the market value of the remainder of the defendants' land, immediately after plaintiff's condemnation of the 8.2 acre easement, was $120,834.90.

Based upon the verdict, judgment was rendered (1) awarding the Utility Company the easement as prayed for and (2) awarding the defendants damages in the sum of $10,878.60. The West Texas Utility Company has appealed.

The tract of land here involved consists of 456.30 acres out of which appellant condemned the 8.2 acre easement in question. The 456.30 acres was divided into two tracts. The west field contained 186.75 acres, upon which the defendants' home and other improvements were located. The east tract contained 269.55 acres, 84.30 acres of which was in pasture. The easement acquired was 50 feet in width and extended at an angle across appellees' farm. 5.28 acres in the easement strip are across the west field and 1.95 acres in the strip are across the east field and .97 acres is in the pasture.

The easement in addition to the 50 foot strip, goes around a surface tank on the east side of appellees' land. The easement was taken for the purpose of constructing a high voltage transmission line. The rights acquired by the Utility Company were in substance as follows:

(1) The right to construct, repair and maintain 10 structures, 9 of which consist of two wooden pole H-Frame structures, and one of which is a three wooden pole angle structure with 3 guys and 3 anchors, together with necessary wires, cross arms, braces, screws, pins, insulators and other attachments. The Utility Company further acquired the right of ingress and egress over and across the described 50 foot easement strip for repair and maintenance purposes. It is undisputed that appellees' property is a fine farm with valuable improvements located thereon. Appellant presents points contending that the court erred in overruling its motion for a new trial for the reasons that:

(1) The judgment is not supported by competent evidence; (2) the judgment is manifestly excessive; (3) the judgment is so against the overwhelming weight and preponderance of the evidence as to be manifestly unfair and unjust; (4) there is no evidence to support the answers of the jury to special issue number three; (5) the answer of the jury to special issue number three is so against the overwhelming weight and preponderance of the evidence as to be manifestly unfair and unjust; (6) there is no evidence to support the answer of the jury to special issue number 4; (7) the answer of the jury to special issue number 4 is so against the overwhelming weight and preponderance of the evidence as to be manifestly unfair and unjust; (8) there is no evidence to support the answer of the jury to special issue number 5; (9) the answer of the jury to special issue number 5 is so against the overwhelming weight and preponderance of the evidence as to be manifestly unfair and unjust; (10) there is no evidence to support the answer of the jury to special issue number 6; (11) the

answer of the jury to special issue number 6 is so against the overwhelming weight and preponderance of the evidence as to be manifestly unfair and unjust. In appellant's 12th point it is contended that the court erred in admitting, over objection, testimony that the remainder of appellees' land suffered damages and the amount of such damages because of appellant's acquisition of the easement, for the reason that no proper predicate had been laid for introduction of such opinion evidence.

Appellant's first 11 points are presented and argued together. Appellant asserts that the judgment cannot stand unless supported by probative evidence of the amount of damage suffered by the easement strip and by the remainder of appellees' land. Appellant contends that an examination of the testimony of appellees' witnesses will show that such testimony does not support the answers of the jury to special issues numbers three through six. We cannot agree with this contention.

■ The rule to be followed in making proof of damages in condemnation cases is stated by our Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 201 (Comm.Apps., Opinion adopted by Sup.Ct., 1936.):

"—As indicated above, the correct method of adducing evidence as to market value is by witnesses, after suitable qualification, giving their opinion as to the market value of the residue before and after the taking, rather than undertaking to testify to specific items of injury and damage. See Gainesville, H. & W. Railway Company v. Hall, 78 Tex. 169, 175, 176, 14 S.W. 259, 9 L.R.A. 298, 22 Am.St.Rep. 42. If the witness answers that there has been a depreciation or an enhancement in the market value after the taking, in either event it is proper to question him as to the basis of his opinion and the matters he has taken into consideration in arriving at his opinion."

In the case of Brazos River Conservation and Reclamation Dist. v. Costello, Tex.Civ.

App., 169 S.W.2d 977 (Ct.Civ.Apps., Ref. WM., 1943), it is stated as follows:

"In order to enable the jury to determine the depreciation of the remainder, the parties have the right to introduce evidence of everything which would tend to affect the value of the land in the estimation of a proposed purchaser or would tend to make it more or less valuable to the present owner. 16 Tex.Jur. 991; Parker County v. Jackson, 5 Tex.Civ.App. 36, 23 S.W. 924."

■ Appellee J. E. Kittley, the owner, and his wife reside on the land in question. He testified concerning the value of the 8.2 acre strip condemned and the remainder of his land both before and after the taking of the strip. Seven other farmers or retired farmers, some of whom were land owners, testified concerning the value of the strip taken and the remainder of the land. One of appellees' witnesses to the value of the land was a real estate man. All these witnesses for appellee testified that they were familiar with the value of land in the area where appellees' land was located, that they were familiar with appellees' land and had an opinion as to its value. A witness who knows the land under consideration and the value of real estate in the vicinity and who states that he knows or has an opinion as to the value of the land is competent to testify as to such value. 32 C.J.S. Evidence p. 464; 22 Tex.Jur.2d 418; Tennessee Gas Transmission Co. v. Dishman, Tex.Civ.App., 303 S.W.2d 471 (CCA, Ref. n. r. e., 1957); City of Teague v. Stiles, Tex.Civ.App., 263 S.W.2d 623 (CCA, Ref. n. r. e., 1953). In the case of City of Houston v. McFadden, Tex.Civ. App., 420 S.W.2d 811 (Ct.Civ.Apps., 1967, Ref. n.r.e.), it is held that when a witness testifies that he is acquainted with market value, he is prima facie qualified to testify concerning value as an expert and his testimony is admissible as such and it then becomes a question of the weight that may be given to it by the jury. See also City of Houston v. Schorr, Tex.Civ.App., 231 S.W.

2d 740, 742. (Ct.Civ.Apps., 1950, writ dism.), and cases cited therein.

In Tennessee Gas & Transmission Co. v. Zirjacks, Tex.Civ.App., 244 S.W.2d 837 (Ct.Civ.Apps., 1951, writ dism.), it is held that one who owns land and testifies concerning the value of his land and the damage and consequent depreciation in value, that his testimony must be based upon reasonable information. Here, however, not only appellee Kittley but numerous other witnesses for appellee testified that they were acquainted with the value of the land in the area and knew the market value of the appellees' land.

In State v. Scarborough, Tex.Civ.App., 383 S.W.2d 389 (Ct.Civ.Apps., no writ history, 1964), it is held that evidence consisting of the testimony of witnesses, other than the owner, who are acquainted with the land in the area, is sufficient to support a jury's finding concerning the diminished value of the residual acreage even though the witnesses did not detail the how and why of their opinion.

■ In any event it is our opinion that the record in the instant case shows the witnesses for appellees did base their testimony upon reasonable information and upon a proper concept of market value. Their testimony does not show that their opinions concerning the value of the land were mere conclusions, or based upon private prejudice and preference.

An examination of the testimony of appellees' witnesses shows that they indicated in addition to their stated knowledge of value of land in the community, the following reasons as a basis for their opinions concerning the value of appellees' land:

That the easement to appellant and the rights acquired thereunder would affect future sales of the land, that it would increase the work time required to cultivate the land, that it would create a weed problem and a problem concerning aerial spraying, that each of the H-Frame structures to be erected by appellant would create an area for obnoxious weeds and Johnson grass and would require a lot of extra time working around said structures, that such structures were unsightly, and that all these things would affect the market value of the land. The above enumerated facts testified to by appellees' witnesses constituted a proper basis for their opinion testimony concerning the value of appellees' land. Texas Electric Service Co. v. Etheredge, Tex.Civ.App., 324 S.W.2d 322 (Ct. Civ.Apps., 1959, no writ history); Lo-Vaca Gathering Co. v. Moore, Tex.Civ.App., 403 S.W.2d 161 (Ct.Civ.Apps., 1966, no writ history). The testimony of appellees' witness Billy Wayne Denison, who was a real estate dealer, showed his qualifications and his opinion concerning the value of the land. His opinion likewise supports the judgment.

As heretofore indicated the answers of the jury are not without the support of any probative evidence as contended by appellant, and although there was a conflict in the evidence the answers are not against the great weight and preponderance of the evidence. Appellant's first 11 points contending to the contrary are overruled.

■ In appellant's 12th point it is contended that the court erred in admitting testimony that the remainder of appellees' land suffered damages because of the easement for the reason that no proper predicate was laid. Based upon the cases and authorities heretofore cited, and for the reasons indicated in disposing of appellant's first 11 points, we hold that the court did not err in admitting such evidence. As additional authority for our holding see 23 Tex.Jur. 2d at page 629–630 where it is stated as follows:

"No inflexible rule can be adopted as to what constitutes a sufficient showing of qualification to express an opinion on the value of land; the matter is largely within the discretion of the trial court, and the court's determination will not be disturb-

ed in the absence of an abuse of discretion. It is not essential that the witness' opinion as to market value of land be based on knowledge of actual sales. It must be shown, however, that the witness has means by which he can draw some intelligent conclusion in regard to the subject of the inquiry. And it has been said that these means should be such as to warrant the inference that the intelligence of the witness in regard to the matter on which he is testifying is superior to that which the jurors possess. But the positive statement of a witness that he knows the market value of the land in controversy is prima facie evidence of qualification."

Appellant's 12th point is overruled.

The judgment is affirmed.