**WEST TEXAS UTILITIES COMPANY, Appellant,**

v.

**Eric BERGSTROM et ux., Appellees.**

No. 4397.

Court of Civil Appeals of Texas, Eastland.

July 24, 1970.

Rehearing Denied Aug. 28, 1970.

Robert H. Alvis, Wagstaff, Alvis, Alvis & Leonard, Abilene, for appellant.

J. R. Black, Jr., Scarborough, Black, Tarpley & Scarborough, Abilene, Royce Adkins, Haskell, for appellees.

WALTER, Justice.

Eric Bergstrom and wife recovered a judgment against West Texas Utilities Company for $8,515.00 in a condemnation case and the Company has appealed.

The Company sought to condemn an easement for an electric transmission line across Bergstrom's land fifty feet wide containing 9.68 acres for 15 H-frame structures. The Company contends that the court erred in failing to excuse four members of the jury panel who stated that an easement automatically damaged the property of the landowner. The Company contends it was deprived of a fair and impartial jury because the court refused to sustain its challenge for cause to the four prospective jurors who already had their minds made up that there was going to be some damages to the property upon which the easement was placed. On voir dire examination the prospective jurors Hobbs, Manning, Frierson and Rowan did testify to the effect that in their opinion the taking of the easement automatically damaged the farm. The Company says "These men stated that they had already made up their minds that there was going to be some damage in this case and Plaintiff was unable to prevent at least one of them from being on the jury since Plaintiff had only three peremptory challenges." The Company relies on State v. Burke, Tex.Civ. App., 434 S.W.2d 240 (no writ history), as its principal authority in support of its contention. Burke holds that any person who has a bias or prejudice in favor of or against either of the parties is disqualified to serve on the jury. The case holds that the jurors Brooks, Small and Platt, who actually served on the jury, had prejudged the case by stating they believed the remainder was automatically damaged by the taking.

▇ We are confronted with a different situation in the case at bar in that none of the objectionable jurors, Hobbs, Manning, Frierson, or Rowan, served on the jury. The court might have erred in refusing to sustain the Company's challenge for cause, nevertheless we are of the opinion that such error did not amount to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure. There is nothing in this record to indicate that the Company was required to take an objectionable person on the jury, therefore it is in no position to complain. Palestine Contractors, Inc. v. Perkins, 386 S.W.2d 764 (Sup.Ct.1964).

The Company contends there is no evidence to support the answers to issues 3, 4, 5 and 6 and that such answers are against the preponderance of the evidence. Such issues and the jury's answers are as follows:

"QUESTION NO. 3: Do you find from a preponderance of the evidence that any

part of the defendants' remaining lands, exclusive of said 9.68 acre easement tract, was reduced in market value as that term is hereinabove defined, by plaintiff's acquisition of said easement on April 19, 1968?

Answer 'Yes' or 'no'.

ANSWER: Yes

If you have answered the foregoing Special Issue 'Yes,' and only in that event, then you will answer the following Special Issues:

QUESTION NO. 4: What do you find from a preponderance of the evidence was the amount, if any, of defendants' remaining lands, exclusive of the 9.68 acre easement tract, which was damaged and thereby reduced in market value as that term is hereinabove defined, by plaintiff's acquisition of the easement in question on the 19th day of April, 1968?

Answer in number of acres.

ANSWER: 316.3

QUESTION NO. 5: What do you find from a preponderance of the evidence was the market value of the remaining land of defendants, which you have found to be damaged, exclusive of said 9.68 acre easement tract, immediately before plaintiff's acquisition of said easement on April 19, 1968?

Answer in dollars and cents.

ANSWER: $79,075.00

QUESTION NO. 6: Excluding increase in value, if any, and decrease in value, if any, by reason of benefits or injuries received by defendants in common with the community generally and not peculiar to them and connected with their ownership, use and enjoyment of the particular tract of land out of which the easement tract has been acquired and taking into consideration the uses to which said easement tract is to be sub-

jected, what do you find from a preponderance of the evidence was the market value of the remainder of defendants' land which you have found to be damaged, exclusive of said 9.68 acre easement tract, immediately after plaintiff's acquisition of said easement on April 19, 1968?

Answer in dollars and cents.

ANSWER: $71,167.50"

In considering the no evidence points, we will consider only that evidence most favorable to the issue and disregard that which is opposed to it. Renfro Drug Company v. Lewis, 149 Tex. 507, 235 S. W.2d 609 (1950).

The witnesses, Shaver, Glass, Gilleland, Hannsz, Walton and the appellee Bergstrom testified to facts which support the answers to the issues.

The witness Glass testified substantially as follows: I have lived in Haskell County most of my life and own land in the county; I am acquainted with the Bergstrom property; I keep up with the market value of land in the county; I know the market value of land in the vicinity of Bergstrom's land and knew the market value of it in April, 1968; I have been on the land and know what is in cultivation and am acquainted with the pasture land; the market value of the land prior to the time of the easement, in my opinion, was $275.00 per acre for the farming land and $150.00 per acre for the pasture; I am acquainted with the angle of the easement across the land and the nature and purposes of the easement; in my opinion the easement damaged the cultivated land on the 9.68 acre strip seventy-five percent (75%) and the pasture ten percent (10%); in my opinion the easement caused damage to the remainder of the tract of land outside the easement and reduced its value ten percent (10%); the easement for the transmission line is a damage to the remainder of the tract because it causes a weed problem and

makes such land harder to work, and causes some difficulty in spraying from a plane.

In West Texas Utilities Company v. Kittley, 447 S.W.2d 221 (Tex.Civ.App., 1969, writ ref. n.r.e.), this court said:

"A witness who knows the land under consideration and the value of real estate in the vicinity and who states that he knows or has an opinion as to the value of the land is competent to testify as to such value. * * * In the case of City of Houston v. McFadden, Tex.Civ.App., 420 S.W.2d 811 (Ct.Civ.App., 1967, Ref. n.r.e.), it is held that when a witness testifies that he is acquainted with market value, he is prima facie qualified to testify concerning value as an expert and his testimony is admissible as such and it then becomes a question of the weight that may be given to it by the jury."

We hold that the witness Glass and the other witnesses listed were qualified to testify about the market value of the Bergstrom land and that such evidence constitutes some evidence of probative value and supports the jury's answers.

We have considered the entire record and find that such answers are not against the great weight and preponderance of the evidence.

The Company contends the damages found by the jury on the remainder are excessive. It has failed to cite any authorities in support of this point. Points that are not briefed are waived. St. Paul Mercury Insurance Company v. Sugarland Industries, Inc., Tex.Civ.App., 406 S.W.2d 778 (writ ref. n.r.e.) (1966). We have concluded, however, that the damages are not excessive. World Oil Company v. Hicks, 129 Tex. 297, 103 S.W.2d 962; Flanigan v. Carswell, 159 Tex. 598, 324 S. W.2d 835 (1959).

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.